UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:19-CR-71 JD |
| JOSHUA ERIC WILLIAMS | |

**<u>AMENDED OPINION AND ORDER</u>**

Rule 60(a) of the Federal Rules of Civil Procedure allows a court, *sua sponte*, to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Pursuant to Rule 60(a), this order amends and supersedes the order previously entered adjudicating Mr. Williams' petition for relief pursuant to 28 U.S.C. § 2255 to correct the omission of the certificate of appealability discussion (DE 67).[1]

After pleading guilty, Joshua Williams was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 1). On June 25, 2020, Mr. Williams was sentenced to 50 months of imprisonment (in the middle of the Sentencing Guideline range applicable to that count) (DE 38; DE 60 at 26:10–16). Mr. Williams did not directly appeal this conviction.

Mr. Williams has now filed a timely petition pursuant to 28 U.S.C. § 2255 (DE 55). The petition is fully briefed and ripe for adjudication.[2] In this petition, Mr. Williams asks the Court for a "downward departure" from the 50-month sentence imposed or to remand his case for an

---

[1] The only substantive amendment pursuant to this order is the addition of Section C(3).

[2] Mr. Williams did not file a reply brief.

evidentiary hearing.[3] Mr. Williams requests this relief based on the alleged ineffective assistance by his counsel, Mr. Lenyo. Mr. Williams specifically faults Mr. Lenyo for not challenging the application of a Sentencing Guidelines enhancement by "suppressing" several pieces of evidence at the sentencing hearing including: the statements of the officers who alleged he battered them, the "allegations of facilitating a firearm," and the body camera footage of Officer Stitsworth (DE 56 at 4–5). Having carefully considered the entire record and for the reasons set forth below, the Court will deny Mr. Williams' petition.

As a preliminary matter, Mr. Williams filed two copies of his § 2255 petition (DE 53, 55). The first filing was not signed (DE 53), which is a requirement of Rule 2(b)(5) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Therefore, the Court will dismiss this first filing as procedurally defective and make all references to the properly filed petition which will be decided on the merits. *See Kafo v. United States*, 467 F.3d 1063, 1068–69 (7th Cir. 2002). The Court notes both filings contain identical memoranda of law and raise the same arguments.

### A. Standard of Review

Section 2255(a) of Title 28 provides that a federal prisoner may claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [and] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

---

[3] The Court interprets this as a request by Mr. Williams to vacate his sentence and resentence him under a newly calculated Guidelines range.

2

The Seventh Circuit has recognized that § 2255 relief is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (citation omitted). Further, "a Section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (citation omitted). Relief under § 2255 is extraordinary because it seeks to reopen the criminal process to a person who has already had an opportunity of full process. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo*, 467 F.3d at 1068). A court may also deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

**B. Evidentiary Hearing**

As there are no material facts in dispute in this case and Mr. Williams is entitled to no relief as a matter of law, no evidentiary hearing is required. A court must hold a hearing on a § 2255 petition only if there are disputed facts set forth by affidavits and a disputed material issue. *Taylor v. United States*, 287 F.3d 658 (7th Cir. 2002). If the factual dispute is immaterial because the governing law is clear, no hearing is necessary. *Id.* Further, the court in which a prisoner files his § 2255 petition is not required to hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief …." *Sawyer v. United States*, 874 F.3d 276, 278 (7th Cir. 2017) (quoting 28 U.S.C. § 2255(b)). As discussed below, Mr. Williams is entitled to no relief here, and therefore no evidentiary hearing need be held.

**C. Discussion**

Mr. Williams argues that his counsel was ineffective for failing to adequately challenge the four-level sentencing enhancement, under U.S.S.G. § 2K2.1(b)(6)(B), which was applied to him during his sentencing.[4] For the following reasons his petition will be denied.

As background, Mr. Williams was arrested and later charged with being a felon in possession of a firearm after fleeing from police during a traffic stop where he was the passenger in a car (DE 27 ¶ 7). In the course of attempting to flee Mr. Williams engaged in a physical altercation with the arresting officers, at one point pinning one of the officers to the ground beneath him and ultimately causing injuries to several of the officers (*Id.*). During the course of this struggle a loaded pistol fell out of his pants pocket (*Id.*). Mr. Williams did not object to the draft presentence report which incorporated a two level § 3C1.2 enhancement to his Sentencing Guidelines calculation (DE 26).[5] The government did object, however, and argued that the four-level § 2K2.1(b)(6)(B) enhancement was more appropriate given the circumstances. Mr. Williams' counsel, Mr. Lenyo, argued against this objection in his sentencing memorandum (DE 32). The Court ultimately sustained the government's objection and applied the § 2K2.1(b)(6)(B) enhancement (DE 36).

***(1) Mr. Williams has not established deficient performance and prejudice for any of his claims and therefore his ineffective assistance claim will be dismissed***

---

[4] This enhancement provides a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense" U.S.S.G. § 2K2.1(b)(6)(B).

[5] This enhancement provides a two-level enhancement if "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer" U.S.S.G. § 3C1.2.

Mr. Williams argues that Mr. Lenyo's effort arguing against the enhancement was ineffective assistance for three reasons: (1) for failing to thoroughly investigate the case, (2) for failing to file motions to suppress several pieces of evidence considered at sentencing including statements made by the officers, "allegations of facilitating a firearm," and the body camera footage of Officer Stitsworth, and (3) for failing to call officers who made "damaging" statements against Mr. Williams to testify at his sentencing (DE 56 4–5, 9).[6]

In order to establish ineffective assistance of counsel, a defendant must establish (1) their counsel's performance was deficient, and (2) that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). On the prejudice prong, a petitioner must establish that "but for counsel's errors, there is a reasonable probability the result would have been different." *United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016).

The Court begins with Mr. Williams' allegation that Mr. Lenyo did not thoroughly investigate his case. "When a petitioner alleges that counsel's failure to investigate resulted in ineffective assistance, the petitioner has the burden of providing the court with specific information as to what the investigation would have produced." *United States v. Lathrop*, 634 F.3d 931, 939 (7th Cir. 2011). Further, without an indication of how counsel could have performed better, a Court cannot find that the actual performance was constitutionally deficient. *United States v. Hodges*, 259 F.3d 655, 660 (7th Cir. 2001). Mr. Williams does not satisfy this requirement as he does not present any information as to how Mr. Lenyo could have performed better or how a better performance would have affected the ultimate outcome of his case. Mr. Williams simply does not indicate what Mr. Lenyo should have investigated, what the

---

[6] The Court construes Mr. Williams' argument to only be targeted at the statements of the officers, as he did not make a statement to law enforcement.

investigation would have shown, how that would assist his case, or how it would have affected the Court's ultimate ruling. Therefore, the Court concludes Mr. Williams cannot establish either deficient performance in Mr. Lenyo's investigative efforts or that Mr. Lenyo's efforts prejudiced his case.

Next the Court addresses whether Mr. Lenyo should have filed motions to "suppress" evidence at the sentencing hearing. As a preliminary matter, the Court interprets Mr. Williams' brief to only be arguing that this evidence should have been "suppressed" or prevented from being discussed at his sentencing and not an argument that Mr. Lenyo should have filed pretrial suppression motions. The Court reaches this conclusion based on Mr. Williams' petition only challenging his sentencing, rather than his conviction, and his statement under oath at the change of plea hearing that Mr. Lenyo had "properly represented [him] in every way during the course of these proceedings" (DE 59 at 8). *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity").

The Court will also note it is unclear what legal theory Mr. Williams believes would have allowed his counsel to "suppress" this evidence at his sentencing hearing. The Federal Rules of Evidence do not apply at sentencing hearings and Judges are entitled to consider information that would not be admissible at trial, including uncorroborated hearsay. *United States v. Martin*, 287 F.3d 609, 618 (7th Cir. 2002).

Nonetheless, even assuming there was a legal framework to exclude this evidence, Mr. Williams has not alleged any facts suggesting the motion would have succeeded and thus his claim will fail. When a § 2255 claim is based on counsel's decision to not file a motion to suppress, the claim will fail if the defendant has not alleged any facts suggesting the motion would have succeeded. *Long v. United States*, 847 F.3d 916, 920–21 (7th Cir. 2017). Mr.

Williams has presented no allegations or facts as to why his counsel would have succeeded in a motion to "suppress" this evidence. Therefore, he cannot establish deficient performance by his counsel and this claim will fail. *Id.* As Mr. Williams cannot establish deficient performance, the Court need not advance to the issue of prejudice.

The Court next addresses Mr. Williams' argument that Mr. Lenyo was ineffective for failing to call the battered officers as witnesses at his sentencing hearing. The Court concludes Mr. Williams cannot establish prejudice on this claim. Mr. Williams simply does not allege why the officers' testimony would have been any different than the facts stated in the Presentence Investigation Report ("PSR") or, crucially, how their testimony would have altered the Court's ultimate findings. As such, this claim will fail.

In the interest of liberally construing Mr. Williams' petition, the Court will also address two passages of Mr. Williams' brief which may be intended to be additional arguments of ineffectiveness. Specifically, that Mr. Lenyo failed to object to the PSR and that his sentencing memorandum was insufficient. *See Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009) ("Pro se collateral review filings are construed liberally"). Mr. Williams briefly refers to Mr. Lenyo's "decision not to file relevant objections to clear errors in the presentencing report" as violating his constitutional rights (DE 56 at 10). Mr. Williams, however, does not articulate what those errors are or what objections Mr. Lenyo should have made and the Court is unable to see how Mr. Lenyo's performance could have been improved. *See Hodges*, 259 F.3d at 660. Further, Mr. Williams does not say why any objection would have had merit, or why these objections would have resulted in a different outcome. Accordingly, he has not established deficient performance or prejudice and this challenge would fail.

Mr. Williams' other comment is that Mr. Lenyo failed to make "the appropriate argument" in his sentencing memorandum against the enhancement (DE 56 at 2). Once again, Mr. Williams does not articulate what that argument would have been or why it would have changed the outcome of his sentencing. As such, he has not established deficient performance or prejudice with regard to the sentencing memorandum either.

Accordingly, as Mr. Williams has not established deficient performance and prejudice for any of the challenged actions by his counsel his ineffective assistance claim will fail.

### *(2) Any independent argument that the § 2K2.1(b)(6)(B) enhancement was erroneously applied is procedurally barred*

As previously discussed, Mr. Williams argues Mr. Lenyo was ineffective for not adequately challenging the application of a four-level sentencing enhancement. Mr. Williams' brief is unclear on if he intended to raise this issue as a substantive challenge to his sentence as well as evidence of ineffective assistance. However, to the extent this is a standalone argument challenging the Sentencing Guidelines calculation it is procedurally barred.

The Government argues that Mr. Williams cannot raise a challenge to the Guidelines calculation on two procedural grounds. First, it is barred because his plea agreement contained a §2255 waiver (*See* DE 16 ¶ 9(e)). Second, he has forfeited this argument because he did not challenge the guidelines calculation on direct appeal (DE 63 at 9–10). The Court agrees with both arguments and finds any such arguments by Mr. Williams to be barred.

Plea agreements which contain a § 2255 waiver can only be collaterally attacked under limited circumstances, such as when the defendant claims the waiver was involuntary or that counsel was ineffective in negotiating the plea agreement. *Gaylord v. United States*, 829 F.3d

500, 505 (7th Cir. 2016). Mr. Williams' plea agreement waives the right to appeal or contest his conviction and all components of his sentence, except for claims of ineffective assistance of counsel, including any appeal or any postconviction proceeding including § 2255 (DE 16 ¶ 9(e)). Mr. Williams has not contested the issue of his guilt, nor alleged this waiver was involuntary, and has not alleged his counsel was ineffective in negotiating his plea agreement. Therefore, the Court concludes this waiver is valid and any direct challenge to the Sentencing Guidelines calculation is barred by the waiver.

Alternatively, Mr. Williams has forfeited any challenge to his Sentencing Guidelines calculation by not raising it on direct appeal. Claims not raised on direct appeal may not be raised on collateral review unless the petitioner can show "cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Mr. Williams did not file a direct appeal and his petition does not articulate why there is cause or prejudice. Therefore, the Court concludes this argument would be forfeited.

### *(3) The Court will not issue a certificate of appealability*

The Court also declines to issue a certificate of appealability. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see Young v. United States*, 523 F.3d 717

(7th Cir. 2008). For the reasons the Court already discussed in denying the motion, the Court does not believe that the resolution of this motion is debatable or that the issues deserve encouragement to proceed further.

The Court advises Mr. Williams, though, that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. If Mr. Williams wishes to appeal this judgment, a notice of appeal must be filed within 60 days after the judgment is entered. Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts; Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006).

**D. Conclusion**

The Court DENIES Mr. Williams initially filed motion as procedurally defective (DE 53). The Court DENIES Mr. Williams' properly filed motion for relief under § 2255 for the reasons contained herein (DE 55).

SO ORDERED.

ENTERED: April 27, 2022

                          /s/ JON E. DEGUILIO
                          Chief Judge
                          United States District Court